FOIA-2022-0024UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH )<br>1155 15th Street, NW )<br>Suite 900 )<br>Washington, D.C. 20005 )<br>  )<br>       Plaintiff, )<br>    v. )<br>  )<br>FEDERAL ENERGY REGULATORY )<br>COMMISSION )<br>Federal Energy Regulatory Commission )<br>888 First Street, NE )<br>Washington, DC 20426 )<br>  )<br>       Defendant. ) | Case No. 22-cv- 1320 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff INSTITUTE FOR ENERGY RESEARCH for its complaint against Defendant FEDERAL ENERGY REGULATORY COMMISSION ("FERC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive Plaintiff's request, following the FERC's failure to comply with the express terms of FOIA, including by failing to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), by failing to respond to Plaintiff's FOIA request, and by withholding responsive information in violation of Defendant's obligations.

## PARTIES

2. Plaintiff IER is a non-profit public policy institute located in Washington, D.C. which is organized under section 501(c)3 of the tax code. It has research, publication and other media

functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

3. Defendant FERC is an independent agency that regulates the interstate transmission of electricity, natural gas, and oil. FERC also reviews proposals to build liquefied natural gas (LNG) terminals and interstate natural gas pipelines as well as licensing hydropower projects.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. IER is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) in response to the request.

7. IER has no obligation to further exhaust administrative remedies with respect to its FOIA request. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## INSTITUTE FOR ENERGY RESEARCH'S FOIA REQUEST

8. On April 13, 2022, Plaintiff submitted by fax and email a request to Defendant seeking correspondence of six senior FERC appointees to or from one of two White House email domains over the course of a seven-month period.

9. Plaintiff's request noted, *inter alia*, "Any records responsive to this request are of great public interest after Commission Chairman Glick responded unambiguously, in the negative, in testimony before the United States Senate Committee on Energy & Natural Resources on March 3, 2022 about FERC's controversial guidances and policy statements Policies to Guide Natural Gas Project Certifications pertaining to greenhouse gas emissions. Senator Bill Cassidy of Louisiana asked a direct question "has anyone higher up in the [Biden] administration ever spoken to you in regards to somehow slow-walking or otherwise impeding or otherwise accentuating policy that would have the effect of impeding the development of natural gas pipelines". The scope of the inquiry of what the White House may or may not have exercised pressure or influence on is very broad, and Commission Chairman Glick responded with an unambiguous no. We take that reference to mean the White House, explaining why this request seeks correspondence with White House email domains."

10. On May 10, 2022, Defendant wrote to Plaintiff stating, "This request has been assigned reference number FOIA-2022-0036 (emails from eop.gov and @whitehouse.gov). Every effort will be made to respond to your FOIA request within twenty business days or by 5/18/2022."

11. This is a week beyond FERC's statutory time limit. And FERC still has not explained what a "response" as set forth above will entail, or how it will comply with the law.

12. Defendant has not otherwise responded to this request whatsoever, whether by formally taking an extension of time, seeking more information, or otherwise.

13. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency

intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the Commission's receipt of the requester's response to the Commission's request for information or clarification ends the tolling period.

15. Defendant FERC continues to improperly deny Plaintiff access to agency records in violation of FOIA regarding Plaintiff's request.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

16. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

17. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

18. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

19. Plaintiff is not required to further pursue administrative remedies.

20. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. FERC's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy FERC's obligations under FOIA;

    c. FERC must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

23. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's request for a fee waiver.

24. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

25. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to FERC's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

28. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Institute for Energy Research respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's request for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 13th day of May, 2022,

INSTITUTE FOR ENERGY RESEARCH
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

Christopher Cochran Horner, D.C. Bar #440107
1725 I Street NW, Suite 300
Washington, DC 20006
(202) 262-4458
chris@chornerlaw.com

*Counsel for Plaintiff*